UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LILO D. ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV1709 JAR |
| | ) | |
| JAMES L. TURNER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks leave to proceed in forma pauperis in this civil action pertaining to the wrongful death of her son. The motion is granted. Additionally, the Court will require plaintiff to show cause why this action should not be dismissed for lack of jurisdiction.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

Additionally, Rule 12(h)(3) of the Federal Rules of Civil Procedure requires the Court to review new cases for subject matter jurisdiction. "Subject matter jurisdiction" means the Court's authority to hear and decide a case. If subject matter jurisdiction does not exist, then the Court is required to dismiss the action without prejudice. *Id.*

**The Complaint**

Plaintiff alleges that defendant James Turner murdered her son, Conrad Adams, during a robbery. Missouri court records show that Turner pled guilty to the crime on February 10, 2014. *Missouri v. Turner*, No. 1222-CR03842-01 (St. Louis City). On February 11, 2014, the court sentenced Turner to fifteen years' imprisonment. *Id.*

**Discussion**

"Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. Nat'l Enterprises, Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks omitted); *see Kuhl v. Hampton*, 451 F.2d 340, 342 (8th Cir. 1971) (federal courts "were not established to mediate any and all types of complaints and alleged wrongs.").

Under 28 U.S.C. § 1331, the Court has jurisdiction to hear cases "arising under the Constitution, laws, or treaties of the United States." For this action to arise under the Constitution or laws of the United States, the requirements of 42 U.S.C. § 1983 must be met. To state a claim under § 1983, the defendant must be a "state actor," such as a police officer or other government official. In this case, there is no indication that defendant was a government official performing an official duty at the time of the murder. Therefore, it does not appear that the

complaint states a viable claim under § 1983. And, if not, the Court would not have jurisdiction under § 1331. *See Biscanin v. Merrill Lynch & Co., Inc*. 407 F.3d 905, 907 (8th Cir. 2005).

Wrongful death is an action properly brought in state court. *See Sullivan v. Carlisle*, 851 S.W.2d 510, 512 (Mo. banc 1993); Mo. Rev. Stat. § 537.080 ("Action for wrongful death"). To bring a state law case in federal court, diversity jurisdiction must exist under 28 U.S.C. § 1332. For diversity jurisdiction to exist, a plaintiff and the defendants must be "citizens of different States." 28 U.S.C. § 1332(a)(1). "It is, to say the least, well settled that federal diversity jurisdiction requires complete diversity, so that no defendant is a citizen of the same state as any plaintiff." *Walker v. Norwest Corp.*, 108 F.3d 158, 162 (8th Cir.1997). Moreover, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). It does not appear that diversity jurisdiction exists here because there is no indication that plaintiff and defendant are residents of different states. As a result, the Court will direct plaintiff to show cause why this action should not be dismissed for lack of jurisdiction.

If this Court does not have the authority to hear this action, then it appears that plaintiff's remedy would be in the Missouri state courts.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff is directed to show cause, no later than **December 21, 2015**, why this action should not be dismissed for lack of jurisdiction.

Dated this 23rd day of November, 2015.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

3