UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LILO D. ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV1709 JAR |
| | ) | |
| JAMES L. TURNER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on its own motion. The Court previously reviewed the complaint and found that jurisdiction is lacking. So, the Court ordered plaintiff to show cause why it should not be summarily dismissed under Rule 12(h)(3) of the Federal Rules of Civil Procedure. Petitioner has not responded. As a result, this action is dismissed.

Plaintiff alleges that defendant James Turner murdered her son, Conrad Adams, during a robbery. Missouri court records show that Turner pled guilty to the crime on February 10, 2014. *Missouri v. Turner*, No. 1222-CR03842-01 (St. Louis City). On February 11, 2014, the court sentenced Turner to fifteen years' imprisonment. *Id.*

"Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. Nat'l Enterprises, Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks omitted); *see*

*Kuhl v. Hampton*, 451 F.2d 340, 342 (8th Cir. 1971) (federal courts "were not established to mediate any and all types of complaints and alleged wrongs.").

Under 28 U.S.C. § 1331, the Court has jurisdiction to hear cases "arising under the Constitution, laws, or treaties of the United States." For this action to arise under the Constitution or laws of the United States, the requirements of 42 U.S.C. § 1983 must be met. To state a claim under § 1983, the defendant must be a "state actor," such as a police officer or other government official. In this case, there is no indication that defendant was a government official performing an official duty at the time of the murder. Therefore, the complaint does not state a claim under § 1983, and the Court does not have jurisdiction under § 1331. *See Biscanin v. Merrill Lynch & Co., Inc*. 407 F.3d 905, 907 (8th Cir. 2005).

Wrongful death is an action properly brought in state court. *See Sullivan v. Carlisle*, 851 S.W.2d 510, 512 (Mo. banc 1993); Mo. Rev. Stat. § 537.080 ("Action for wrongful death"). To bring a state law case in federal court, diversity jurisdiction must exist under 28 U.S.C. § 1332. For diversity jurisdiction to exist, a plaintiff and the defendants must be "citizens of different States." 28 U.S.C. § 1332(a)(1). "It is, to say the least, well settled that federal diversity jurisdiction requires complete diversity, so that no defendant is a citizen of the same state as any plaintiff." *Walker v. Norwest Corp.*, 108 F.3d 158, 162 (8th Cir.1997). Moreover, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). Diversity jurisdiction does not exist in this case, however, because plaintiff and defendant both reside in Missouri. As a result, the Court lacks jurisdiction to hear this matter.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 8th day of January, 2016.

                                    /s/ John A. Ross
                                    JOHN A. ROSS
                                    UNITED STATES DISTRICT JUDGE